**WEI ZHU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0289–AG.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Fuhao Yang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Zhu, a native and citizen of the People's Republic of China, seeks review of a December 19, 2007 order of the BIA affirming the November 8, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying his applica-

**52**

tions for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Zhu*, No. A 98 215 683 (B.I.A. Dec. 19, 2007), *aff'g* No. A 98 215 683 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision rather than confining our review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found that Zhu was not credible because he admitted that he lied under oath during his border interview. *Cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (holding that when an IJ finds that an applicant's evidence is false, he or she is free to disbelieve other testimony that depends for probative weight upon the applicant's veracity). Despite later claiming that he worked in construction and had been arrested in China, at his border interview, Zhu stated that he was unemployed and had never been arrested in China. The IJ appropriately rejected Zhu's explanation that a snakehead instructed him not to tell the truth. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an appli-

cant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, while Zhu asserts in his brief to this Court that the inconsistencies between his testimony and border interview were due to translation errors, his admission that he lied to border officials remains undisputed. Thus, the fact that Zhu lied to border officials about his prior arrest properly substantiated the agency's adverse credibility determination. *Cf. Siewe*, 480 F.3d at 170.

The IJ also accurately identified an inconsistency between Zhu's testimony that he only told his aunt and mother what happened during his detention and his sister's statement that he told her something which "really made [her] hair stand on its end." While this inconsistency may not have been central to Zhu's asylum claim, when weighed together with the prior inconsistencies identified by the IJ, the agency appropriately deemed it consequential. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Thus, it supported the agency's adverse credibility determination.

Additionally, in finding Zhu not credible, the IJ properly relied on his failure to corroborate his claim that he practiced Falun Gong in the United states. While Zhu explained that he practiced Falun Gong for his "own purpose" IJ reasonably found that explanation unpersuasive. *See Majidi*, 430 F.3d at 80–81. Zhu's deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir.2007).

The above findings constitute substantial evidence supporting the agency's adverse credibility determination. Accordingly, the agency's denial of Zhu's applications for asylum, withholding of removal, and CAT relief was proper because each claim

rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Thus, we need not reach the IJ's additional findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).